UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-CR-0219-CVE |
| ) | |
| ZACHARY THOMAS PRICE, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court are defendant's Motion to Withdraw Plea of Guilty (Dkt. # 56) and defense counsel's Motion to Withdraw as Counsel (Dkt. # 57). Defendant previously pled guilty to both counts of the indictment pursuant to a plea agreement under Fed. R. Crim. P. 11(c)(1)(C) for a 30 month sentence. Defendant now seeks to withdraw his guilty pleas based on his allegations of ineffective assistance of counsel during negotiation of the plea agreement. Dkt. # 56. Defense counsel also requests leave to withdraw as counsel of record due to defendant's allegations of ineffective assistance of counsel. Dkt. # 57.

On October 6, 2020, a grand jury returned an indictment (Dkt. # 2) charging defendant with two counts of stalking in Indian country, and he was represented by retained counsel, Robert Henson, at his initial appearance. Dkt. # 6. Henson withdrew as counsel of record after defendant retained a new attorney, Lloyd Palmer. Dkt. ## 27, 28. Palmer sought leave to withdraw as counsel due to defendant's inability to pay for retained counsel, and the Court appointed Michael Noland to represent defendant. Noland negotiated a plea agreement as to both counts of the indictment for an

agreed sentence of 30 months imprisonment, followed by three years of supervised release. Dkt. # 54, at 12-13. The change of plea hearing was set for August 6, 2021.

In a separate criminal case in this district, defendant is charged with receipt of a firearm by a person under felony indictment in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D). United States v. Zachary Thomas Price, 21-CR-062-GKF, Dkt. # 2 (N.D. Okla. Feb. 23, 2021). Defendant was represented by Noland, and Noland also negotiated a Rule 11(c)(1)(C) plea agreement for the firearm charge. Pursuant to the plea agreement in that case, the parties stipulated that defendant would receive a sentence of 30 months imprisonment that may be ordered to run concurrently with the sentence in this case. 21-CR-62-GKF, Dkt. # 38, at 14. The change of plea hearing on the firearm charge was set for August 4, 2021, two days before the change of plea hearing before the undersigned. The transcript of the change of plea hearing shows that the Honorable Gregory K. Frizzell specifically discussed the issue of concurrent or consecutive sentences with the parties, and Judge Frizzell advised the parties that he could not guarantee that the sentence in his case would run concurrently with the sentence in this case. 21-CR-062-CVE, Dkt. # 48, at 3. Defendant expressed hesitation at proceeding without an assurance that he would receive a concurrent sentence in the second case to proceed to sentencing, and Noland stated that defendant may seek to withdraw his plea to the firearm charge if he were going to receive a consecutive sentence. Id. at 6. Judge Frizzell stated that he would not be able to resolve the issue of consecutive or concurrent sentences until he reviewed the presentence investigation report, and defendant chose to proceed with the change of plea hearing. Id. at 7-8. The sentencing hearing in Judge Frizzell's case is for December 10, 2021.

On August 6, 2021, defendant appeared for a change of plea hearing in this case and he was represented by Noland at the hearing. Defendant stated that he had discussed the proposed plea

agreement with his attorney and he was satisfied with the advice provided by his attorney. The Court advised defendant that it would allow him to withdraw his guilty plea if the Court declined to accept the plea agreement at the sentencing hearing. The Court reviewed the possible punishment for counts one and two of the indictment with defendant, and defendant was advised that the maximum sentence for counts one and two was five years imprisonment per count. The Court asked defendant to explain how he committed the charged offenses, and defendant stated that he harassed a Tulsa Police Department officer who lived in Tulsa, Oklahoma. Defendant also admitted to harassing another person and he engaged in actions that reasonably could be expected to cause the victims to fear that defendant intended to cause them death or serious bodily injury. The Court reviewed the stipulations in the plea agreement with defendant, and plaintiff's counsel represented that the stipulated sentence of 30 months would constitute a downward departure from the advisory guideline range. The Court inquired about the recommendation that the sentence in this case be ordered to run concurrently to the other pending criminal case against defendant, and the parties advised the Court that defendant was charged with receipt of a firearm by a person under felony indictment. Defendant was advised that the sentencing hearing in Judge Frizzell's case would take place after the sentencing hearing in this case, and the undersigned could not bind Judge Frizzell as to whether the sentences in each case would run concurrently. The Court found that defendant's guilty pleas were knowing and voluntary and his guilty pleas were accepted. Defendant's sentencing hearing in this case is set for December 7, 2021, three days before the sentencing hearing in Judge Frizzell's case.

      Defendant became dissatisfied with Noland's representation following the change of plea hearings, and he filed motions to withdraw his guilty pleas in both cases. Noland also filed motions to withdraw as counsel of record in both cases. Judge Frizzell permitted Noland to withdraw from

his representation of defendant and appointed Terry Weber as substitute counsel. Terry Weber has now sought leave to withdraw from his representation of defendant, and Judge Frizzell has set that motion for a hearing on November 10, 2021. Judge Frizzell has not ruled on defendant's motion to withdraw his guilty plea or Weber's motion to withdraw from his representation of defendant. The undersigned set defendant's motion to withdraw his guilty plea and Noland's motion to withdraw from the case for a hearing on November 2, 2021. Noland and defendant appeared at the hearing, and counsel for the plaintiff was also present. Defendant stated that he was dissatisfied with Noland's representation, because he believes that he could have received a better plea offer from plaintiff. Plaintiff's counsel confirmed that the plea agreement was the best offer made to defendant. Defendant also claims that Noland failed to advise defendant that he could plead guilty to one charge and proceed to trial on another. Noland stated that he advised defendant of this possibility and defendant chose to proceed with guilty pleas pursuant to the plea agreement. Defendant also raised the issue that he might receive a consecutive sentence in one of the pending cases, and the Court advised defendant that it could not preliminarily bind Judge Frizzell as to the concurrent or consecutive nature of the sentence at the later sentencing hearing.

Defendant requests leave to withdraw his guilty pleas as to both counts of the indictment. Fed. R. Crim. P. 11(d)(2)(B) permits a defendant to withdraw a guilty plea if he can "show a fair and just reason for requesting the withdrawal." The Supreme Court has issued one opinion considering the "fair and just" standard of Rule 11, and it is clear that the Supreme Court treats a fully accepted guilty plea as a conclusive act similar to a jury verdict. United States v. Hyde, 520 U.S. 670 (1997). Citing the advisory notes to Rule 11, the Supreme Court remarked:

> Given the great care with which pleas are taken under [the] revised Rule 11, there is no reason to view pleas so taken as merely "tentative," subject to withdrawal before sentence whenever the government cannot establish prejudice. "Were withdrawal automatic in every case where the defendant decided to alter his tactics and present his theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. In fact, however, a guilty plea is no such trifle, but a 'grave and solemn act,' which is 'accepted only with care and discernment.'"

Id. at 676-77. Defendant bears the burden to show a fair and just reason for withdrawal of his guilty pleas. United States v. Black, 201 F.3d 1296, 1299 (10th Cir. 2000). The Tenth Circuit has recognized seven factors that a district court should consider in ruling on a motion to withdraw a guilty plea:

> (1) whether the defendant has asserted his innocence; (2) whether the government will be prejudiced if the motion is granted; (3) whether the defendant has delayed in filing the motion; (4) the inconvenience to the court if the motion is granted; (5) the quality of the defendant's assistance of counsel; (6) whether the plea was knowing and voluntary; (7) whether the granting of the motion would cause a waste of judicial resources.

Id. at 1299-1300; see also United States v. Graham, 466 F.3d 1234, 1238 (10th Cir. 2006). The Tenth Circuit has consistently affirmed the use of these factors. See United States v. Hamilton, 510 F.3d 1209, 1214 (10th Cir. 2007); United States v. Yazzie, 407 F.3d 1139, 1142 (10th Cir. 2005); United States v. Sandoval, 390 F.3d 1294, 1298 (10th Cir. 2004). Even if the government can not show that it will be prejudiced, this does not remove the burden from the defendant to prove a fair and just reason for withdrawing his plea. United States v. Rhodes, 913 F.2d 839, 845-46 (10th Cir. 1990). "If the defendant fails to carry his or her burden on asserted innocence, validity of the plea (whether it was given knowingly and voluntarily), and ineffective assistance of counsel, the court need not address 'the remaining factors . . . because [these] remaining factors speak to the potential

burden on the government and the court, rather than the defendant's reason for withdrawal.'" United States v. Sanchez-Leon, 764 F.3d 1248, 1258 (10th Cir. 2014) (quoting Hamilton, 510 F.3d at 1214).

The Court will initially consider the three factors identified in Sanchez-Leon to determine if defendant has met his burden to come forward with a valid reason for seeking to withdraw his guilty pleas. The Court initially notes that defendant has not asserted his innocence to either of the charges alleged in the indictment, and this is not a factor that would support defendant's request to withdraw his guilty pleas. Defendant states that he was led to believe that the plea agreement represented the best offer made by plaintiff, but defendant claims that he has since learned that he could have pled guilty to one count and gone to trial on another count. He also claims that he accepted the plea agreement with the understanding that his sentences in both pending cases would run concurrently. Neither of these arguments tends to show that defendant did not knowingly and voluntarily plead guilty to the charges in the indictment or that defendant received ineffective assistance of counsel. Plaintiff's counsel stated at the change of plea hearing that the plea agreement was the best offer made to defendant, and plaintiff's counsel made the same representation at the hearing on defendant's motion to withdraw his guilty plea. Defendant's belief that he could have received a better offer is not supported by any evidence, and his unsupported belief that defense counsel should have negotiated a better plea agreement is not a basis to withdraw his guilty pleas. As to the issue of concurrent sentences, defendant has received accurate advice from the undersigned and Judge Frizzell about how and when the concurrent or consecutive nature of his sentences will be determined, and defendant has clearly been advised that the judge with the later sentencing hearing will determine whether to make that sentence concurrent or consecutive. Defense counsel did not provide ineffective assistance of counsel in negotiating plea agreements that request, but do

6

not require, concurrent sentences, because the judge who sentences defendant first cannot bind the judge at the later sentencing hearing as to the concurrent or consecutive nature of the second sentence imposed. Defendant was given notice of the law on this issue at his change of plea hearings before the undersigned and Judge Frizzell, and he chose to proceed with pleas in both cases after receiving accurate advice about the applicable law.

Defendant has not met his burden to provide a valid reason to withdraw his guilty pleas. Defendant's complaints about Noland's performance as defense counsel are speculative. The record shows that Noland negotiated a favorable plea agreement in both pending cases, and defendant may receive a concurrent sentences in both pending cases. Defendant has not received ineffective assistance of counsel, and the transcripts of both change of plea hearings show that he knowingly and voluntarily changed his plea in both pending cases. Based on these findings, the Court does not need to consider the remaining Black factors and defendant's motion to withdraw his guilty pleas (Dkt. # 56) is denied. However, Noland should be permitted to withdraw as defense counsel, because defendant's allegations of ineffective assistance of counsel place Noland in a position where he cannot ethically continue to represent defendant. The Court will appoint substitute counsel to represent defendant, but defendant is advised that no further requests for substitution of counsel will be considered.

**IT IS THEREFORE ORDERED** that defense counsel's Motion to Withdraw as Counsel (Dkt. # 57) is **granted**, and Michael Noland is terminated as defense counsel. Substitute counsel will be appointed in a separate order.

**IT IS FURTHER ORDERED** that defendant's Motion to Withdraw Plea of Guilty (Dkt. # 56) is **denied**.

**DATED** this 8th day of November, 2021.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE